IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

PHYLLIS M. KNIGHT, next friend of Jermaine A. Knight;

Petitioner,

vs.

BARB LEWIEN,

Respondent.

**8:26CV696**

**MEMORANDUM AND ORDER**

This matter is before the Court for initial review of a habeas corpus petition under 28 U.S.C. § 2241 filed by Phyllis M. Knight ("Petitioner"), as next friend of Jermaine A. Knight ("Knight"), on November 9, 2026. Filing No. 1. The Court conducts this initial review of the petition pursuant to 28 U.S.C. § 2243 and Rule 1(b) of the *Rules Governing Section 2254 Cases in the United States District Courts* which allows the Court to apply Rule 4 of those rules to a section 2241 action. Upon review, the Court concludes the petition must be dismissed because Petitioner cannot maintain the present habeas action on Knight's behalf.

The petition purports to attack Knight's 2015 convictions in the District Court of Douglas County, Nebraska, of robbery, use of a deadly weapon to commit a felony, two counts of attempted robbery, and possession of a deadly weapon during the commission of a felony. Filing No. 1 at 27, 33. The petition raises claims of fabricated charges and evidence, a coerced plea, due process violations, and ineffective assistance of counsel. Only Petitioner signed the petition. Filing No. 1 at 8.

An "[a]pplication for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf." 28 U.S.C. § 2242; *see also* Rule 2(c)(5) of the *Rules Governing § 2254 Cases in the United States District Courts* ("The petition must . . . be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner . . . ."). In order to bring a habeas corpus petition on behalf of another person the party purporting to act for a convicted defendant must show, at least, the following two things: (1) the real party cannot access the courts, the real party is mentally incompetent, or the real party has some other disability, and the real party cannot therefore bring the action himself; and (2) the party purporting to act for the real party is dedicated to the best interests of the real party. *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990). "The burden is on the 'next friend' clearly to establish the propriety of his status and thereby justify the jurisdiction of the court." *Id.* at 164.

There has been no showing that any of these factors exist. Nowhere does Petitioner allege that Knight is incapable of bringing a habeas action on his own behalf. Additionally, Petitioner does not allege any facts to suggest that she is dedicated to Knight's best interests nor does she allege that she bears any relationship to Knight at all. The Court suspects there may be a possible familial relationship based on Petitioner's and Knight's shared last name, but nothing in the petition confirms that suspicion. Even if the Court assumes Petitioner and Knight are related, Petitioner's familial relationship to Knight alone is insufficient to establish Petitioner's next-friend standing. Thus, Petitioner has failed to demonstrate that she is entitled to bring this habeas action on Knight's behalf, and the petition will be dismissed without prejudice for lack of standing.

Additionally, Petitioner is not an attorney nor is she admitted to practice in this court, and she may not represent Knight in this habeas corpus action. *See* NEGenR 1.7(c) ("An attorney admitted and licensed to practice before the highest court of any state may apply for admission to practice in this court."). It is improper for a non-lawyer to sign papers in place of, or to otherwise represent, parties other than themselves. *See United States v. Brenton*, No. 8:04CR262, 2007 WL 3124539, at *1 (D. Neb. Oct. 23, 2007) (citing 5A C. Wright & A. Miller, Federal Practice and Procedure § 1333, at 513 & n.15 (2004)). Parties only may proceed in federal court pro se when acting solely for themselves or through counsel. 28 U.S.C. § 1654; *Knoefler v. United Bank of Bismarck*, 20 F.3d 347, 348 (8th Cir.1994) (non-lawyer has no right to represent another entity in federal court). The Court notes that if Knight wishes to challenge his conviction through federal habeas proceedings, then he may file a petition on his own behalf using the forms enclosed with this Memorandum and Order that the Court will direct the Clerk of Court to send to him.[1]

Finally, because "the detention complained of arises from process issued by a state court," Petitioner must obtain a certificate of appealability. *See* 28 U.S.C. § 2253; Fed. R. App. P. 22(b)(1); *see also Hoffler v. Bezio*, 726 F.3d 144, 153 (2d Cir. 2013) (collecting cases of courts that ruled a state prisoner who petitions for habeas relief under 28 U.S.C. § 2241 must obtain a certificate of appealability). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). No matter what standard is applied, Petitioner has failed to make the

---

[1] The Court has enclosed the forms for a habeas petition under 28 U.S.C. § 2254. Because Knight is in custody pursuant to a state-court judgment of conviction, the appropriate vehicle for challenging his conviction would be through a petition for writ of habeas corpus brought pursuant to § 2254, not a § 2241 petition as Petitioner has filed.

requisite showing. Accordingly, the Court will not issue a certificate of appealability in this case.

IT IS THEREFORE ORDERED that:

1. The petition for writ of habeas corpus, Filing No. 1, is denied and dismissed without prejudice. No certificate of appealability has been or will be issued.

2. The Court will enter judgment by separate document.

3. The Clerk of Court is directed to send a copy of this Memorandum and Order, the accompanying Judgment, the Form AO 241 (Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254), and an application to proceed without payment of fees to:

Jermaine Knight, 83195
Nebraska State Penitentiary
P.O. Box #22500
Lincoln, NE 68542-2500.

Dated this 17th day of November, 2026.

BY THE COURT:

John M. Gerrard
Senior United States District Judge